

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin 14, Texas

Dear Sir:

Opinion No. 0-6244

Re: Whether the "death benefit certificates" mentioned in opinion No. 0-6092 must be the type required under Sec. 4 of Art. 4838, V.A.C.S. for qualifying members in the organization of a Fraternal Benefit Society, and related questions.

Your letter of October 4, 1944, requesting the opinion of this department on the questions stated therein, is as follows:

"Your attention is respectfully directed to your Opinion No. 0-6092 holding in part that 'the term "four hundred members" used in Article 4838, Section 4 and Article 4852, R. C. S., 1913, means four hundred members holding death benefit certificates to the exclusion of any other person.' Your opinion is desired as to whether or not these 'death benefit certificates' must be of the type required under Section 4 of Article 4838 for qualifying members in the organization of a fraternal benefit society, which certificates are defined as follows: 'No such society shall incur any liability other than for such advanced payments, or issue any benefit certificate nor pay nor allow, or offer or promise to pay or allow, to any person any death or disability benefit until actual bona fide applications for death benefit certificates have been secured upon at least 500 lives for <u>at least $1,000.00 each</u>, . . . . . .' (Emphasis ours.)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. B. Lockhart, page 2

"If your answer to the above question is in
the negative, does any one or all of the attached
forms of certificates qualify as a 'death benefit
certificate' for the purpose of determining the
number of members of a fraternal benefit society?
Note particularly Part M in the two red-bordered
certificates and Part (I) in the blue-bordered
certificate.

"If your answer to the first question is in
the affirmative, is any fraternal benefit society,
except one operating under the provisions of Arti-
cle 4838a, permitted to issue a death benefit cer-
tificate providing for payment of less than $1,000.00
as a death benefit?"

Chapter 8, Title 78, Vernon's Annotated Civil Statutes
contains the statutory provisions defining and specifically reg-
ulating fraternal benefit societies. Article 4838, Vernon's An-
notated Civil Statutes prescribes in detail the procedure for
the organization of fraternal benefit societies. Article 4838a,
Vernon's Annotated Civil Statutes permits the organization of
fraternal benefit societies on a limited basis; providing re-
quirements to be met before a permit is issued to such society
by the Insurance Department of the State. It has been broadly
said by the Supreme Court that the rights, powers, and obliga-
tions of benefit societies are determined by rules of law pecul-
iar, if not exclusively, applicable to them, and the legality
of their actions is not to be tested by rules which apply to or-
ganizations commercial in purpose. (Wirtz v. Sovereign Camp,
W.O.W. 268 S.W. 438)

We have failed to find any court decision passing on
questions similar to the questions submitted by you. Article
4838, Vernon's Annotated Civil Statutes provides in part that
"When any domestic society shall have discontinued business for
the period of one year, or has less than four hundred members,
its charter shall become null and void." Article 4852, Vernon's
Annotated Civil Statutes provides in part:

"...Whenever after examination the Commissioner
is satisfied that any domestic society has failed to
comply with any provisions of this chapter, or is ex-
ceeding its powers, or is not carrying out its con-
tracts in good faith, or is transacting business

fraudulently; or whenever any domestic society, after the existence of one year or more, shall have a membership of less than four hundred, or shall determine to discontinue business, said Commissioner may present the facts relating thereto to the Attorney General, who shall, if he deem the circumstances warrant, commence an action in quo warranto in a court of competent jurisdiction, and if it shall then appear upon the trial that such society should be closed, said society shall be enjoined from carrying on any further business and some person shall be appointed receiver of such society and shall proceed at once to take possession of the books, papers, moneys, and other assets of the society, and shall forthwith, under the direction of the court, proceed to close the affairs of the society, and to distribute its funds to those entitled thereto. No such proceedings shall be commenced by the Attorney General against any such society until after notice has been duly served on the chief executive officers of the society and a reasonable opportunity given to it, on a date named in said notice, to show cause why such proceeding should not be commenced."

Article 4836 authorizes a society when it has received a preliminary certificate as authorized by said statute to solicit members for the purpose of completing its organization, and such society shall collect from each applicant the amount of not less than one regular monthly payment, in accordance with its table of rates as provided by its Constitution and Laws, and shall issue to each said applicant a receipt for the amount so collected. No such society shall incur any liability other than for such advance payments, nor issue any benefit certificate nor pay or allow, or offer or promise to pay or allow, to any person any death or disability benefit until actual bona fide applications for death benefit certificates have been secured upon at least five hundred lives for at least one thousand dollars each. Said Article 4838 prescribes the number of applicants for death benefit certificates of at least five hundred and that each application must be for at least one thousand dollars for death benefits before the society can complete its organization and begin business. This statute further provides that when any society has less than four hundred members its charter shall become null and void. However, this statute does not provide for the amount of the death benefit certificates of said four hundred members, nor does Article 4852

prescribe any type of death benefit certificate for the four hundred members. In view of the foregoing statutes, it is our opinion that the death benefit certificates, after the completion of the organization and the beginning of business, the minimum four hundred members are not necessarily of the type required under Section 4 of Article 4838 for qualifying members in the organization of a fraternal benefit society. If the Legislature had intended that four hundred members holding death benefit certificates to the exclusion of any other person were to be of the type required under Section 4 of Article 4838 for qualifying members in the organization of the fraternal benefit society, it would have made such requirement in plain language. Therefore, it is the opinion of this department that your first question should be answered in the negative, and it is so answered. You further state in effect that if our answer to your first question is in the negative, does any one or all of the attached forms of certificates qualify as a "death benefit certificate" for the purpose of determining the number of members of the fraternal benefit society. Our opinion No. 0-6092, referred to in your inquiry, holds among other things, that the term "four hundred members" used in Article 4838, Section 4, and Article 4852, means four hundred members holding death benefit certificates to the exclusion of any other person. In other words, this opinion holds that the four hundred members must hold death benefit certificates and that members holding accident and health policies without death benefit are excluded, that is to say that holders of accident and health policies without death benefits are not considered for the purpose of determining whether or not the society has four hundred members holding death benefit certificates. After carefully examining the forms of certificates enclosed with your inquiry, it is our opinion that all of said forms qualify as a "death benefit certificate" for the purpose of determining the number of members of the fraternal benefit society.

We are returning herewith the form certificates submitted with your request.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW/JCP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN